UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.

ERICKA JEW
a Texas citizen and resident,

Plaintiff,

v.

NCL (BAHAMAS) LTD., a Bermuda
corporation d/b/a NORWEGIAN
CRUISE LINES,

Defendant.

_________________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff ERICKA JEW, a Texas citizen and resident, and files this Complaint against Defendant, NCL (BAHAMAS) LTD, a Bermuda corporation with its principal place of business in Florida, doing business as NORWEGIAN CRUISE LINES, and alleges:

**JURISDICTION, VENUE AND PARTIES**

1. This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2. Plaintiff, ERICKA JEW (hereinafter “Plaintiff”), is sui juris and is a resident and citizen of the State of Texas.

3. Defendant NCL (BAHAMAS) LTD. (“NCL”) is a Bermuda corporation with its principal place of business in Miami-Dade County, Florida. For federal jurisdictional purposes, it is a citizen of both Bermuda and Florida.

4. Subject matter jurisdiction exists based on diversity jurisdiction pursuant to 28 U.S.C. §1332, since Plaintiff is a citizen of the State of Texas and Defendant is a citizen of both Bermuda

and Florida for purposes of jurisdiction. The amount in controversy exceeds $75,000, the threshold amount for jurisdiction under 28 U.S.C. §1332. The injuries and damages alleged below support an award in excess of $75,000.

5. At all material times, NCL has conducted ongoing substantial and not isolated business activities in Miami-Dade County, Florida, in the Southern District of Florida, so that in personam jurisdiction over NCL exists in the United States District Court for the Southern District of Florida.

6. At all material times, NCL has engaged in the business of operating maritime cruise vessels for fare-paying passengers, including Plaintiff.

7. In the operative ticket contract, NCL requires fare-paying passengers such as Plaintiff to bring any lawsuit against it arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper in this Court.

8. Venue is also proper in this district because Defendant's principal place of business is located within this district.

9. Plaintiff has complied with all conditions precedent to bringing this action, including providing timely written notice of her claim pursuant to the ticket contract.

**LIABILITY AND DAMAGE ALLEGATIONS COMMON TO ALL COUNTS**

10. At all material times, Defendant owned, operated, managed, maintained, and controlled the vessel NORWEGIAN DAWN (the "DAWN").

11. At all material times, including October 11, 2024, Plaintiff was a fare-paying passenger aboard the DAWN and was lawfully present aboard the vessel.

12. At all material times, Defendant owed Plaintiff a duty of reasonable care under the circumstances for her safety.

13. On or about October 11, 2024, Plaintiff was descending an exterior staircase located between Deck 13 and Deck 12 of the DAWN.

14. At that time and place, there existed a hazardous and dangerous condition on the staircase consisting of a defective and uneven step condition, including improper and/or non-uniform nosing and/or step edge geometry.

15. The defective and uneven step condition created a foreseeable risk that a passenger's foot could become caught, snagged, or entrapped while descending the staircase in a normal and intended manner.

16. While descending the staircase and while utilizing the handrail, Plaintiff's foot became caught on the step, causing her to lose her balance and fall.

17. The staircase was not reasonably safe for its intended use by passengers due to the uneven and improperly configured step condition, which created a tripping hazard during normal use.

18. The condition created an unreasonable risk of trip-and-fall incidents for passengers traversing the staircase in a normal and foreseeable manner.

19. At all material times prior to Plaintiff's incident, Defendant had actual and/or constructive notice of the dangerous condition described in Paragraphs 14 through 18, including the risk that a passenger's foot could become caught due to defective, uneven, and/or improperly configured steps and/or changes in elevation, for reasons including, but not limited to, prior incidents involving passengers tripping and/or falling on stairways, steps, and/or areas with uneven walking surfaces aboard Defendant's vessels. These prior incidents include, but are not limited to the following:

a. on April 11, 2024, cruise passenger B.B. tripped and fell while descending a staircase due to a step lacking proper nosing and/or containing an improper configuration aboard an NCL vessel, *Bruski v. NCL (Bahamas) Ltd.*, Case No. 1:25-cv-22753;


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

b. On October 3, 2023, cruise passenger B.B. tripped and fell due to a step-down condition lacking proper marking and/or configuration aboard the Norwegian Viva, *Buccini v. NCL (Bahamas) Ltd.*, Case No. 1:24-cv-23046;

c. On August 17, 2024, cruise passenger F.F. tripped and fell due to an elevated portion of a walking surface creating a change in elevation hazard aboard an NCL vessel, *Francis v. NCL (Bahamas) Ltd.*, Case No. 1:25-cv-20664 (S.D. Fla. 2025).

20. Alternatively, the dangerous condition existed for a sufficient period of time such that Defendant, in the exercise of reasonable care, should have discovered it through routine inspections and corrected it.

21. As a direct and proximate result of the dangerous condition, Plaintiff tripped and fell on the staircase.

22. As a direct and proximate result of the fall, Plaintiff sustained injuries to her body and extremities, including but not limited to injuries to her right ankle, suffered pain and suffering, mental anguish, disability, disfigurement, incurred medical expenses, and suffered a loss of the capacity to enjoy life. These injuries are permanent and continuing in nature.

**COUNT I – NEGLIGENT MAINTENANCE**

23. Plaintiff re-alleges, adopts, and incorporates by reference Paragraphs 1 through 22 as though fully set forth herein.

24. At all material times, Defendant owed Plaintiff, as a fare-paying passenger aboard its vessel, a duty of reasonable care under the circumstances, including the duty to maintain the vessel, and in particular the subject exterior staircase between Deck 13 and Deck 12, in a reasonably safe condition.


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

25. At all material times, the staircase where Plaintiff fell was in a dangerous condition for the reasons set forth in Paragraphs 14 through 18 above, including but not limited to a defective, uneven, and/or improperly configured step and/or nosing condition that created a tripping hazard for passengers.

26. At all material times, Defendant knew or should have known that the dangerous condition referenced in Paragraphs 14 through 18 above posed a foreseeable risk of harm to passengers traversing the staircase in a normal and intended manner, including the risk that a passenger's foot could become caught while descending the stairs.

27. The dangerous condition existed for a sufficient period of time such that Defendant, through the exercise of reasonable care, should have discovered the condition through routine inspection and maintenance and taken corrective action. Defendant also had actual and/or constructive notice of the dangerous condition through prior incidents described in Paragraph 19.

28. At all material times, and additionally, Defendant knew or should have known of applicable safety principles and industry standards governing stairways and pedestrian walking surfaces, including the requirement that stair treads, risers, and nosing be uniform, properly configured, and free from conditions that could cause a user's foot to become caught or obstructed during normal use.

29. Notwithstanding Defendant's actual and/or constructive knowledge of the dangerous condition described above, Defendant failed, prior to Plaintiff's fall, to take reasonable measures to maintain the staircase in a reasonably safe condition and thereby failed to exercise reasonable care for the safety of its passengers, including Plaintiff.

30. Defendant's specific negligent acts and/or omissions include, but are not limited to:

a. Failing to maintain the staircase in a reasonably safe condition;


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

b. Allowing a defective and uneven step and/or nosing condition to exist;

c. Failing to repair, replace, or correct worn, damaged, or improperly configured nosing and/or step edges;

d. Failing to conduct reasonable and adequate inspections of the staircase;

e. Failing to identify and remedy a condition that could cause a passenger's foot to become caught;

f. Failing to take corrective action after prior incidents; and/or

g. Otherwise failing to exercise reasonable care under the circumstances.

31. As a direct and proximate result of one or more of Defendant's negligent acts and/or omissions as described above, and as a result of the dangerous condition described in Paragraphs 14 through 18, Plaintiff's foot became caught on the step as she descended the staircase, as described in Paragraph 16, causing her to fall and sustain the injuries described above

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, costs, interest, and all further relief this Court deems just and proper.

**COUNT II – NEGLIGENT FAILURE TO WARN**

32. Plaintiff re-alleges, adopts, and incorporates by reference Paragraphs 1 through 22 as though fully set forth herein.

33. At all material times, Defendant owed Plaintiff, as a fare-paying passenger aboard its vessel, a duty to warn passengers, including Plaintiff, of dangerous conditions that Defendant knew or should have known about and which posed a risk of harm to passengers using the staircase in a normal and foreseeable manner.

34. At all material times, the staircase where Plaintiff fell was in a dangerous condition for the reasons set forth in Paragraphs 14 through 18 above, including but not limited to a defective, uneven, and/or improperly configured step and/or nosing condition that created a tripping hazard.

35. At all material times, Defendant knew or should have known that the dangerous condition referenced in Paragraphs 14 through 18 above posed a foreseeable risk that a passenger's foot could become caught while descending the staircase, causing a fall. This condition existed for a sufficient period of time to permit detection, correction, or warning through the exercise of reasonable care. Defendant also had actual and/or constructive notice of the dangerous condition through the prior incidents described in Paragraph 19.

36. At all material times, the dangerous nature of the defective and uneven star on the subject staircase was not reasonably apparent to passengers, including Plaintiff.

37. At all material times, Defendant knew or should have known of applicable safety principles and industry standards requiring that stairways be free of defects that could cause a user's foot to become caught, and that appropriate warnings be provided where such conditions exist.

38. Notwithstanding Defendant's actual and/or constructive knowledge of the dangerous condition described above, Defendant failed, prior to Plaintiff's fall, to take reasonable measures to warn passengers, including Plaintiff, of the dangerous condition and thereby failed to exercise reasonable care for the safety of its passengers.

39. Defendant's negligent acts and/or omissions regarding failure to warn include, but are not limited to:

a. Failing to warn passengers of the defective and uneven step and/or nosing condition;


GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

b. Failing to warn of the risk that a passenger's foot could become caught while descending the staircase;

c. Failing to provide adequate visual warnings, markings, or indicators identifying the hazardous step condition;

d. Failing to provide warnings regarding non-uniform or unsafe step geometry;

e. Failing to provide verbal warnings or assistance from crewmembers;

f. Failing to restrict or control access to the staircase; and/or

g. Failing to otherwise alert passengers to the dangerous condition.

40. As a direct and proximate result of one or more of Defendant's negligent acts and/or omissions as described above, and as a result of the dangerous condition described in Paragraphs 14 through 18, Plaintiff's foot became caught on the step as she descended the staircase, as described in Paragraph 16, causing her to fall and sustain the injuries described above.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, costs, interest, and all further relief this Court deems just and proper.

**[Space Intentionally Left Blank]**

## DEMAND FOR JURY TRIAL

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 13th day of April, 2026.

**s/*PHILIP M. GERSON***
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
filing@gslawusa.com
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
DAVID MARKEL
Florida Bar No. 78306
dmarkel@gslawusa.com
NICHOLAS M. PLYMALE
Florida Bar No. 1057884
nplymale@gslawusa.com
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624
Telephone: (305) 371-6000
Facsimile: (305) 371-5749